IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL L. SHAVERS,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-13-1601 |
| HSBC BANK USA NATIONAL,<br>*et al.*,<br>     Defendants. | §<br>§<br>§<br>§ | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Emergency Hearing ("Motion") [Doc. # 18] filed by Plaintiff Carol L. Shavers. Plaintiff states that she has been evicted from her home, and she asks this Court to issue a temporary restraining order to give her back her home. The Court must **deny** Plaintiff's Motion.

### I.     **BACKGROUND**

In connection with the purchase of his home, Bruce A. Shavers, Plaintiff's now deceased husband, executed a Note and Deed of Trust in August 2005. After default and foreclosure, the property was sold on August 7, 2012, to HSBC Bank USA, National Association ("HSBC"), pursuant to a Substitute Trustee's Deed, attached as Exhibit A to Motion to Dismiss [Doc. # 6].

Plaintiff refused to vacate the property. It appears that Plaintiff incorrectly believes that the death of her husband extinguished the debt evidenced by the Note and Deed of Trust. HSBC filed a Forcible Detainer Petition action against her in Texas state court on August 22, 2012. The state court judge, Hon. Kent Adams, issued a Judgment for Landlord on February 26, 2013. *See* Judgment for Landlord, Exh. D to HSBC's Motion to Dismiss.

Meanwhile, in connection with litigation involving her Home Owners Association ("HOA"), Plaintiff filed a lis pendens against the property. Defendant Angel Reyes & Associates, P.C. ("Reyes"), as counsel for servicer Ocwen Loan Servicing, LLC ("Ocwen"), filed a motion to have the lis pendens removed. The state court judge granted Ocwen's motion, ordered the lis pendens removed, and sanctioned Plaintiff in the amount of $750.00. *See* Order, Exh. E to Motion to Dismiss.

On March 11, 2013, before the writ of execution could be issued and executed, Plaintiff filed a Notice of Removal, removing the state court forcible detainer action to federal court. On April 29, 2013, the state court action was remanded to state court for lack of subject matter jurisdiction.

On May 8, 2013, Reyes reinitiated the forcible detainer action and set the matter for hearing on May 28, 2013. Plaintiff asserts that the state court judge issued the writ

of execution and, on August 21, 2013, law enforcement officers executed the writ and removed her and her belongings from the property.

## II. STANDARD FOR TEMPORARY RESTRAINING ORDER

In order to obtain a temporary restraining order ("TRO"), Plaintiff must establish four elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm if the TRO is not granted, (3) the threatened harm to Plaintiff outweighs any damage that the TRO might cause to Defendants, and (4) that the TRO will not disserve the public interest. *May v. Wells Fargo Home Mortg.*, 2013 WL 2367769, *1 (N.D. Tex. May 30, 2013); *see also Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999).

In this case, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits. Fundamentally, Plaintiff challenges the state court writ of execution. The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Unsuccessful state-court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Turner v. Cade*,

2009 WL 3817007, *2 (5th Cir. Nov. 16, 2009) (citing *Hale v. Harney,* 786 F.2d 688, 690-91 (5th Cir. 1986)).

### III.  CONCLUSION AND ORDER

Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of her challenge to the state court judgment and writ of execution.  As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Emergency Hearing [Doc. # 18] is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of **August, 2013**.

_____
Nancy F. Atlas
United States District Judge