IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL L. SHAVERS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1601 |
| | § | |
| HSBC BANK USA NATIONAL, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on the Motion to Dismiss [Doc. # 6] filed by

Defendant HSBC Bank USA, National Association ("HSBC"), to which Plaintiff

Carol Shavers, *pro se*, filed a Response[1] [Doc. # 10], and HSBC filed a Reply [Doc.

# 14].  Also pending is the Motion to Dismiss [Doc. # 12] filed by Defendant Angel

Reyes and Associates, P.C. ("Reyes"), to which Plaintiff filed a Response [Doc. # 16],

---

[1]    Plaintiff's response to HSBC's Motion to Dismiss is entitled "Complaint." A plaintiff may amend her pleading once as a matter of course within 21 days after service, or within 21 days after service of a motion under Rule 12(b).  *See* FED. R. CIV. P. 15(a)(1).  Plaintiff's "Complaint" [Doc. # 10] was filed July 26, 2013, more than 21 days after service of the Original Complaint [Doc. # 1] and more than 21 days after HSBC filed its Rule 12(b)(6) Motion to Dismiss.  Where, as here, the time requirements of Rule 15(a)(1) have not been satisfied, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *See* FED. R. CIV. P. 15(a)(2).  Plaintiff has neither requested nor obtained written consent from HSBC or leave of Court to amend her complaint.  As a result, the document entitled "Complaint" is construed as Plaintiff's response to HSBC's Motion to Dismiss.

and Reyes filed a Reply [Doc. # 20].[2]   Based on the Court's review of the full record and applicable legal authorities, the Court **grants** the pending Motions to Dismiss.

## I.   <u>BACKGROUND</u>

In connection with the purchase of his home, Bruce A. Shavers, Plaintiff's now deceased husband, executed a Note and Deed of Trust in August 2005.  After default and foreclosure, the property was sold on August 7, 2012, to HSBC pursuant to a Substitute Trustee's Deed, attached as Exhibit A to HSBC's Motion to Dismiss [Doc. # 6].

Plaintiff refused to vacate the property, apparently because she incorrectly believed that the death of her husband extinguished the debt evidenced by the Note and Deed of Trust.  HSBC, represented by the Reyes law firm, filed a Forcible Detainer Petition action against her in Texas state court on August 22, 2012.  The state court judge, Hon. Kent Adams, issued a Judgment for HSBC on February 26, 2013. *See* Judgment for Landlord, Exh. D to HSBC's Motion to Dismiss.

Meanwhile, in connection with litigation involving her Home Owners Association, Plaintiff filed a lis pendens against the property.  Defendant Reyes, as

---

[2]    Plaintiff's response to Reyes's Motion to Dismiss is entitled "Second Amended Complaint."  Plaintiff did not request or obtain written consent from Reyes or leave of Court to amend her complaint.  As a result, the document entitled "Second Amended Complaint" is construed as Plaintiff's response to Reyes's Motion to Dismiss.  Reyes' Motion to Dismiss "Second Amended Complaint" [Doc. # 20] is construed as a reply.

counsel for servicer Ocwen Loan Servicing, LLC ("Ocwen"), filed a motion to have the lis pendens removed.  The state court judge granted Ocwen's motion, ordered the lis pendens removed, and sanctioned Plaintiff in the amount of $750.00.  *See* Order, Exh. E to HSBC's Motion to Dismiss.

On March 11, 2013, before the writ of execution could be issued and executed, Plaintiff filed a Notice of Removal, removing the state court forcible detainer action to federal court.  On April 29, 2013, the state court action was remanded to state court for lack of subject matter jurisdiction.

On May 8, 2013, Reyes reinitiated the forcible detainer action and set the matter for hearing on May 28, 2013.  Plaintiff asserts that the state court judge issued the writ of execution and, on August 21, 2013, law enforcement officers executed the writ and removed Plaintiff and her belongings from the property.

## II.  <u>STANDARD FOR MOTION TO DISMISS</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as

opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).   When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   <u>ANALYSIS</u>

In her Original Complaint [Doc. # 1], Plaintiff asserts specific "counts" of Civil Fraud, Slander of Title, and Civil Conspiracy.  In the "Civil Fraud" section, Plaintiff mentions unfair debt collection under Texas law and "UCC violations pertaining to mail fraud, bank fraud, securities fraud, and RICO."  *See* Complaint [Doc. # 1], unnumbered page 14.  Plaintiff also mentions the Fair Debt Collection Practices Act ("FDCPA"), "the Hobbs Act," "money laundering," "selling unregistered securities," and the "Federal Credit Reporting Act" [*sic*].  *See id.* at unnumbered pages 14-16.

Each of Plaintiff's claims is based on her apparent belief that the death of her husband and the probate of his estate extinguished the Note and Deed of Trust.  The

issue has been decided by a state court judge, who ruled that HSBC was entitled to an order of forcible detainer removing Plaintiff and her belongings from the property. Moreover, Plaintiff has failed to allege a factual basis for her claims, including those she attempted to add through the "Complaint" [Doc. # 10] and the "Second Amended Complaint" [Doc. # 16].[3] As a result, both Defendants HSBC and Reyes are entitled to dismissal of Plaintiff's claims in this lawsuit.

## IV.     CONCLUSION AND ORDER

Plaintiff has failed to assert facts that state a claim for relief against HSBC and/or Reyes. As a result, it is hereby

**ORDERED** that Defendant HSBC's Motion to Dismiss [Doc. # 6] is **GRANTED**. It is further

---

[3]     In the "Complaint" [Doc. # 10], Plaintiff mentions claims of "Deprivation of Rights under Color of Law," asserts that the state court order was void for lack of jurisdiction, violations of various amendments to the United States Constitution, trespass of real property, defamation, invasion of privacy, conversion, fraud, negligent misrepresentation, interference with existing contract/title, abuse of process, violation of the FDCPA, intentional infliction of emotional distress, RICO, harassment and duress.

In the "Second Amended Complaint" [Doc. # 16], Plaintiff mentions various Constitutional Amendments, "disparagement of Property," lack of standing, unlawful detainers, the FDCPA, quiet title, negligent misrepresentation, fraud, conversion, breach of fiduciary duty, invasion of privacy, defamation, premises liability, trespass to real property, usury, false imprisonment, intentional infliction of emotional distress, and slander of title.

Plaintiff does not assert a factual basis for any of these claims.

ORDERED that Reyes's Motion to Dismiss [Doc. # 12] is **GRANTED**.  It is further

ORDERED that Reyes's Motion to Dismiss Second Amended Complaint [Doc. # 20] is **CONSTRUED AS A REPLY**.

SIGNED at Houston, Texas, this _9th_ day of **September, 2013**.

Nancy F. Atlas
United States District Judge